[No. 11347.    Department Two.    December 2, 1913.]

THE STATE OF WASHINGTON, *on the Relation of The City of Seattle, Respondent*, v. PUBLIC SERVICE COMMISSION *et al., Appellants.*[1]

GAS—RATES—CHANGE IN RATES — REGULATION — PUBLIC SERVICE COMMISSION.    Under Laws 1911, p. 559, § 28 (3 Rem. & Bal. Code, § 8626-28), providing that a gas company shall make no change in its published schedule of rates and charges except after thirty days' notice to the public service commission, plainly showing the changes proposed by new schedules, the new rates automatically go into effect upon the expiration of the thirty days, unless suspended or adjudged unreasonable by the public service commission in proceedings to determine the reasonableness of the rates, under Id., §§ 54, 80, 81, 82, and 84 (3 Rem. & Bal. Code, §§ 8626-54, 8626-81, 8626-82, 8626-84).

SAME—CHANGE IN RATES—PUBLIC SERVICE COMMISSION—HEARING —DISCRETION.    Under Laws of 1911, pp. 571, 592-4, §§ 54, 80-82 (3 Rem. & Bal. Code, §§ 8626-54, 8626-81, 8626-82), providing for hearings before the public service commission as to the reasonableness of proposed changes in the published schedule of rates and charges of a gas company, either upon the complaint of third persons, or on the complaint of the public service commission on its own motion, and that the commission shall after a full hearing determine the just and reasonable rates to be charged, the discretion of the commission to enter upon an inquiry on its own motion, or to pursue an inquiry beyond the evidence brought before it by the complaining or defending parties, when no convincing evidence is offered by either party, cannot be controlled by the courts.

SAME—REASONABLENESS OF RATES—HEARING—BURDEN OF PROOF. Although the public service commission has power to suspend or adjudge unreasonable a proposed change in the published schedule of rates and charges of a gas company, its affirmative consent to a proposed change is not required; hence, where a proposed change was contested on the complaint of third persons, it is not error for the commission to rule that the company does not assume the burden of proving the reasonableness of the rates.

SAME—REASONABLENESS OF RATES—DETERMINATION—EFFECT OF DISMISSAL.    Upon a hearing before the public service commission as to the reasonableness of proposed changes in the published schedule of rates and charges of a gas company, instituted by the complaint of

[1]Reported in 136 Pac. 850.

third persons, a finding by the commission, negative in form, to the effect, that neither party had produced convincing evidence tending to show either the reasonableness or unreasonableness of the rates and charges proposed, and dismissing the proceeding for failure of the complainant to prove its unreasonableness, results in such new rate becoming automatically effective, since it could not be impaired or rendered ineffectual except by temporary suspension or a final decision determining its unreasonableness.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 21, 1913, reversing a decision of the public service commission as to minimum rates to be charged by a gas company.  Reversed.

*Clise & Poe,* for appellant Seattle Lighting Company.

*James E. Bradford, Ralph S. Pierce,* and *C. B. White,* for respondent.

PARKER, J.—The public service commission instituted an inquiry, at the instance of the city of Seattle, as to the reasonableness of the Seattle Lighting Company's proposed increase in its minimum monthly charge from twenty-five cents to fifty cents, made to its gas customers, of which proposed change it gave notice and filed a supplemental tariff sheet with the public service commission, showing the same, in pursuance of the public service commission law.  Hearing was had in due course at which evidence was introduced touching the question of the reasonableness of the proposed increase.  Thereupon the commission made findings and rendered its decision dismissing the proceeding upon the ground stated therein as follows:

"In presenting its case to the commission, the city authorities contended:  .  .  .

"Secondly: That  .  .  .  a fifty cent minimum is excessive and a twenty-five cent minimum is sufficient.  .  .  .

"At the hearing, neither the complainant nor the defendant produced any convincing evidence tending to show either the reasonableness or unreasonableness of the twenty-five cent or the fifty cent minimum.  The commission delegated its own engineer, Mr. H. L. Gray, to make an independent investiga-

tion and from the data obtained by him in an examination into the details of the defendant company's business, it appears that a reasonable minimum charge to be applied uniformly to all consumers, whether on plain meters or on automatic prepay meters, cannot be less than forty-two and nine-tenths cents per month. In calculating this minimum it was necessary for the engineer to make many assumptions of fact in the absence of a complete valuation of the defendant company's property. It is possible that a complete valuation of the plant and a thorough investigation into the revenues and operating expenses of the company might disclose facts sufficient to prove that the minimum could reasonably be somewhat higher or somewhat lower than the amount deduced by the commission's engineer.

"From the evidence introduced the commission is of the opinion that the complainant has failed to prove the unreasonableness of the minimum charge challenged and that therefore, of necessity, this complaint must be dismissed."

The city, deeming itself and its citizens aggrieved thereby, caused the proceeding to be removed by a writ of review to the superior court for King county, seeking a reversal of the decision of the commission and such disposition of the case as would result in adjudging the proposed increase to be unreasonable, and the original charge reasonable. Hearing in that court was had upon the record made before the commission, which, so far as we need here notice its language, reads as follows:

"It is ordered, adjudged and decreed that the said order of dismissal in so far as the same relates to a minimum charge, be, and it is hereby vacated, and said matter be, and it is hereby, remanded to the public service commission of Washington with directions to proceed therein and require the Seattle Lighting Company to establish by a preponderance of evidence that any proposed increased minimum charge in excess of twenty-five cents per meter per month is just and reasonable, which just and reasonable rate shall continue in effect and not be exceeded until such time in the future as said public service commission may of its own motion, or at the instance of said Seattle Lighting Company, or the city of Seattle or some third party in another proceeding, deter-

mine what is a fair, just, reasonable and sufficient rate. In other respects the tariff of said Seattle Lighting Company, made effective by said public service commission as of July 4, 1912, not being in question in these proceedings, is not disturbed."

From this disposition of the case in the superior court, it is brought to this court by appeal, where reversal of the judgment of the superior court and affirmance of the decision of the commission is sought.

The argument of learned counsel upon both sides of the controversy seems to be addressed largely to the question of burden of proof in the hearing before the commission. Counsel for the city contend that the burden of proof as to the reasonableness of the proposed change in the minimum monthly rate was upon the lighting company at the hearing before the commission, seeming to assume that its notice and filing of supplemental tariff sheet so showing is, in substance, an application to the commission for permission to make such change, and that when objection was made thereto by the city, such change would not become effective until it had been affirmatively proven that the same is reasonable and a decision rendered by the commission affirmatively so determined. This, apparently, is the view adopted by the trial court.

Counsel for appellants contend, in substance, that the proposed change having been duly noticed and filed as provided by the public service commission law, the new rate automatically takes effect at the expiration of thirty days after the notice and filing thereof, subject only to temporary suspension thereof by the commission pending an inquiry by the commission as to its reasonableness and to a final decision upon such inquiry, affirmatively determining that the proposed new rate is unreasonable; that the burden of showing the reasonableness of the new rate is not upon the lighting company, but the burden of showing its unreasonableness is upon those attacking it; and that, while the inquiry may be instituted by the commission upon its own motion, the commission

is not, by law, required to take the burden of proof from the complainant and cause proof to be brought before it upon its own motion to any greater extent than its discretion may dictate. As we understand the commission, it assumed substantially this position. While it did delegate its own engineer to make an independent investigation touching the reasonableness of the new rate, and received his testimony upon the result of his investigation, and to that extent, may be said to have treated its inquiry as being upon its own motion, it apparently concluded that further investigation upon its own motion was not called for, and was of the opinion that the evidence produced by the city, which it treated as the complainant, together with that produced upon its own motion, did not show the new rate to be unreasonable. This, it concluded, called for a dismissal of the proceeding, allowing the new rate to automatically become effective.

The decision of the superior court is, in substance, that the commission is, by law, required to affirmatively determine what reasonable rate the lighting company is entitled to charge, and that the commission failed in its duty by merely determining negatively that the proposed new rate is not shown to be unreasonable, even though the evidence before it may not have been sufficient to call for an affirmative finding as to what rate is reasonable; the court's view apparently being that it was the duty of the commission, upon its own motion, to cause such further evidence to be brought before it to enable it to affirmatively determine such reasonable rate as the lighting company was entitled to charge. The effect of the superior court's decision is to compel the commission to carry on an inquiry upon its own motion to that point where it can, from the evidence produced before it, affirmatively find the amount of the reasonable rate chargeable by the lighting company. The questions presented in this branch of the case are somewhat involved and difficult of statement, but, in their last analysis, they amount to little else than this: Has the superior court the authority to compel the public

service commission to institute or carry on an inquiry upon its own motion? This, it seems to us, is the ultimate question involved, to which the question of burden of proof is really only incidental.

The right of the lighting company to fix and change its rates is clearly recognized by the public service commission law, subject only to the limitations therein prescribed, as found in the Laws of 1911, at pages 558, 559, as follows:

"Sec. 26. All charges made, demanded or received by any gas company, electrical company or water company for gas, electricity or water, or for any service rendered or to be rendered in connection therewith, shall be just, fair, reasonable and sufficient. (3 Rem. & Bal. Code, § 8626-26.)

"Sec. 27. Every gas company, electrical company and water company shall file with the commission and shall print and keep open to public inspection schedules in such form as the commission may prescribe, showing all rates and charges made, established or enforced, or to be charged or enforced. . . . (Id., § 8626-27.)

"Sec. 28. Unless the commission otherwise orders, no change shall be made in any rate or charge or in any form of contract or agreement or in any rule or regulation relating to any rate, charge or service, or in any general privilege or facility which shall have been filed and published by a gas company, electrical company or water company in compliance with the requirements of the preceding section, except after thirty days' notice to the commission and publication for thirty days, which notice shall plainly state the changes proposed to be made in the schedule then in force and the time when the change will go into effect and all proposed changes shall be shown by printing, filing and publishing new schedules, or shall be plainly indicated upon the schedules in force at the time and kept open to public inspection. The commission, for good cause shown, may allow changes without requiring the thirty days' notice by duly filing, in such manner as it may direct, an order specifying the changes so to be made and the time when it shall take effect." (Id., § 8626-28.)

It seems plain to us, from the reading of these provisions, that a proposed change in rates properly noticed and filed as

provided in section 28, by a public service corporation such as this lighting company, will automatically go into effect upon the expiration of the thirty days therein specified, unless suspended or adjudged unreasonable by the public service commission, in the exercise of its authority as provided by the following provisions of the public service commission Laws of 1911, pages 571, 592, 593, 594:

"Sec. 54. Whenever the commission shall find, after a hearing had upon its own motion, or upon complaint as herein provided, that the rates or charges demanded, exacted, charged or collected by any gas company, electrical company or water company, for gas, electricity or water, or in connection therewith, or that the rules, regulations, practices or contracts affecting such rates or charges are unjust, unreasonable, unjustly discriminatory or unduly preferential, or in any wise in violation of the provisions of the law, or that such rates or charges are insufficient to yield a reasonable compensation for the service rendered, the commission shall determine the just, reasonable, or sufficient rates, charges, regulations, practices or contracts to be thereafter observed and in force, and shall fix the same by order as hereinafter provided. (Id., § 8626-54.)

"Sec. 80. Complaint may be made by the commission of its own motion or by any person or corporation, chamber of commerce, board of trade, or any commercial, mercantile, agricultural or manufacturing society, or any body politic or municipal corporation, by petition or complaint in writing, setting forth any act or thing done or omitted to be done by any public service corporation in violation, or claimed to be in violation, of any provision of law or of any order or rule of the commission. . . . *Provided,* All grievances to be inquired into, shall be plainly set forth in the complaint. . . . Upon the filing of a complaint, the commission shall cause a copy thereof to be served upon the person or corporation complained of, which shall be accompanied by a notice fixing the time when and place where a hearing will be had upon such complaint. (Id., § 8626-80.)

"Sec. 81. At the time fixed for the hearing mentioned in the preceding section, the complainant and the person or corporation complained of shall be entitled to be heard and introduce such evidence as he or it may desire. The com-

mission shall issue process to enforce the attendance of all necessary witnesses.  At the conclusion of such hearing the commission shall make and render findings concerning the subject-matter and facts inquired into and enter its order based thereon.  (Id., § 8626-81.)

"Sec. 82.   Whenever any public service company shall file with the commission any schedule, classification, rule or regulation, the effect of which is to increase any rate, fare, charge, rental or toll theretofore charged, the commission shall have power, either upon its own motion or upon complaint, upon notice, to enter upon a hearing concerning such proposed increase and the reasonableness and justness thereof, and pending such hearing and the decision thereon the commission may suspend the operation of such rate, fare, charge, rental or toll for a period of ninety (90) days from the time the same would otherwise go into effect, and after a full hearing the commission may make such order in reference thereto as would be provided in a hearing initiated after the same had become effective: *Provided*, That if any such hearing cannot be concluded within the period of suspension, as above stated, the commission may, in its discretion, extend the time of suspension for a further period not exceeding sixty (60) days."  (Id., §8626-82).

These provisions, we think, lead to the conclusion that the question of the commission entering upon an inquiry upon its own motion, or of the commission of its own motion pursuing an inquiry beyond the evidence brought before it by the complaining and defending parties, where the inquiry is instituted at the instance of such complaining party, is one of discretion in the commission, quite beyond the control of the courts.  The logic of the assumption that the courts have power to compel the commission to extend its inquiry beyond the evidence presented to it by contesting parties would also lead to the conclusion that the courts have power to compel the commission to institute an inquiry as to the reasonableness of rates as upon its own motion; for, whatever evidence is brought before the commission, in addition to the evidence produced by the complaining and defending parties, must, of necessity, be such evidence as the com-

mission, upon its own motion, may cause to be brought before it. It seems to us to require but little argument to show that, while the public service commission law authorizes the commission to institute and pursue an inquiry upon its own motion touching the reasonableness of rates of a public service corporation, the commission is the sole judge of when it will so institute, and to what extent it will so pursue, an inquiry. In determining this question, the commission is not acting in any sense judicially, though it may be said to so act in weighing the evidence and reaching its final decision upon an inquiry. This apparently dual nature of its duties was noticed by us in *State ex rel. Great Northern R. Co. v. Railroad Commission,* 60 Wash. 218, 110 Pac. 1075. Manifestly, it is wholly impractical and beyond the proper sphere of the courts to assume to control in any degree this purely nonjudicial duty of the commission. Any attempt on the part of the courts to do so would, it seems clear to us, be to enter the field of executive and administrative duties. Such would be clearly subversive of our theory of government. We are of the opinion that the superior court was in error in remanding the proceeding to the commission and directing it to proceed, in effect, as upon its own motion. It is worthy of note here that no evidence offered by the city was excluded by the commission.

The question of burden of proof is, after all, not so very vital in this controversy. From what we have said so far, there does seem to be a sense in which the burden of proof is not upon the lighting company to show the reasonableness of its new rate. We apprehend, however, that the lighting company might have made a rate so clearly unreasonable and exorbitant that the commission, or possibly even the courts, could judicially know that it was such. For instance, had the lighting company fixed its proposed new minimum monthly rate at, say, $20, the commission doubtless would have been warranted in requiring it to assume the burden of proving the reasonableness of such a rate, since facts within its ju-

dicial knowledge would doubtless lead it to decide such a
rate to be unreasonable, in the absence of proof to the con-
trary.   Another instance in which the burden of proof would
probably be upon the lighting company is that contemplated
by § 84 of the public service commission law, found on page
595, Laws of 1911, reading as follows:

"Sec. 84.   Whenever the commission shall find, after hear-
ing had upon its own motion or upon complaint as herein
provided, that any rate, toll, rental or charge which has
been the subject of complaint and inquiry is sufficiently re-
munerative to the public service company affected thereby,
it may order that such rate, toll, rental or charge shall not
be changed, altered, abrogated or discontinued, nor shall
there be any change in the classification which will change or
alter such rate, toll, rental or charge without first obtaining
the consent of the commission authorizing such change to
be made."   (Id., § 8626-84.)

But we have no such extreme case before us as the former,
nor does the present case fall within the provisions of § 84,
since it is apparent from the record before us that the orig-
inal rate of the lighting company sought to be changed by
it was not established by any order of the commission, but
was manifestly the original rate made by that company,
without any act on the part of the commission other than to
receive the filing of the schedule thereof.   So it is apparent
that the affirmative consent of the commission to change that
rate in the manner provided by § 28 was not required, though
the commission had the power to suspend and adjudge such
new rate unreasonable and, in that manner only, prevent it
becoming effective.   The provisions of § 84 lend additional
support to the view that the proposed new rate of the light-
ing company, which was properly noticed and filed, becomes
automatically effective, subject to be defeated by the commis-
sion only in the manner already indicated.   We are of the
opinion that the commission did not err in proceeding upon
the theory, if it did so proceed, as counsel contend, that the
burden of proof was not upon the lighting company to show

reasonableness of its proposed new rate, though we think this question is not of very serious practical moment here.

Some contention is made by counsel for appellants that, regardless of where the burden of proof lay in this controversy, the weight of the evidence establishes the reasonableness of the new rate proposed by the lighting company. A reading of the entire record furnishes plausible ground for this argument, in view of the recognized fact that such reasonableness cannot be measured with any great degree of exactness. The rule of such reasonableness is well stated by Commissioner Lane in Advances in Rates Investigation— Western Case, 20 Interstate Commerce Commission Reports, 307, 315 as follows:

"The reasonableness of a rate is to be determined by no mere mathematical calculation, though figures of cost and revenue must play a not inconsiderable part in arriving at a final judgment. Wise men may differ as to what a 'just and reasonable rate' is under given conditions. The courts recognize that there is abundant play for what the present Chief Justice so admirably described as 'the flexible limit of judgment which belongs to the power to make rates.' 206 U. S. 26."

In view, however, of the language of our commission's decision above quoted, which, we have noticed, is in form a negative finding that the evidence did not convince it that the proposed new rate is unreasonable, we will not review the evidence with a view to determining what it affirmatively shows as to the reasonableness of the new rate, but will follow the contention of counsel for the city, which brushes aside this contention of counsel for appellants and asserts that "that question is not involved in this appeal," arguing, as we have already noticed, that it was the duty of the commission to pursue the inquiry upon its own initiative beyond the evidence produced before it by the city and the lighting company as the contending parties which, as we have already noticed, it might do or not, as its discretion dictated, without

control of the courts regardless of what it might determine
to do in that regard.  But a further pursuing of counsel's
contentions would only lead us back to the questions we have
already discussed and reached a conclusion upon.

We do not find it seriously contended in the brief of coun-
sel for the city that the evidence produced before the com-
mission was such as to call for an affirmative finding by the
commission that the proposed new rate is unreasonable, or
that the original rate is reasonable, but only that the com-
mission should have proceeded upon the theory either that
the burden of proof was upon the lighting company to show
the reasonableness of its proposed new rate and, upon that
theory, should have decided the original rate to be reason-
able; or should have proceeded with the inquiry upon its own
initiative and brought other evidence before it, and made an
affirmative finding of what rate is reasonable, based upon
such evidence.  Since, however, the contention here made by
counsel for the city only looks to the affirming of the supe-
rior court's decision, which would result in remanding the
proceeding to the commission with directions to proceed with
the inquiry as upon its own initiative, we need notice no other
phase of this contention; and this, we think, has been disposed
of by what we have already said.

We are of the opinion that the commission was not by law
required to pursue the inquiry beyond the evidence produced
before it by the contesting parties, to wit, the city and the
lighting company, to any greater extent than in its own
judgment would be necessary or proper; that the courts can-
not control the commission's discretion exercised in deciding
such a question; that the finding, negative in form, resulted
in such new rate becoming automatically effective; and that
the proposed new rate, noticed and filed by the lighting
company, could not be impaired or rendered ineffectual ex-
cept by temporary suspension thereof, pending a hearing as
to its reasonableness, or by a final decision of the commission
determining the same to be unreasonable.

The judgment of the superior court is reversed, and the decision of the commission is affirmed.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.