[No. 16643.  Department Two.  November 17, 1921.]

# NORTH COAST POWER COMPANY, *Respondent,* v. E. V. KUYKENDALL *et al., Appellants.*[1]

ELECTRICITY (1)—REGULATION OF RATES—REASONABLENESS—EVIDENCE TO SUSTAIN INCREASE—SUFFICIENCY. Where complaint is not made against a new tariff of rates by a public service corporation until after it had become effective, the burden of proof rests upon the complainant to show that the rates are unreasonable.

SAME (1)—RATES—REASONABLENESS—EVIDENCE. A tariff rate for electric power showing a net earning of 4.12 per cent on the capital invested in the service of providing power is not unreasonable, where the evidence shows the value of the service is worth its cost to the consumer.

SAME. The rule that a public service corporation may be compelled to furnish certain users service at a loss where its total business produces a fair return on the investment does not apply where there is no evidence of any adequate net earning on the entire business.

SAME. The fact that diking districts budgets for expenses of the ensuing year had been made without anticipating a raise in electric power rates would not constitute a showing of imposition of rates beyond the consumer's ability to pay, since such ability rests on their actual financial resources and not upon an appropriation of funds to meet expenses.

SAME. The question of whether rates for electric power charged by a corporation are just, fair, reasonable and sufficient is not dependent upon the facts that the consumers made contributions toward the construction of the power plant, and that the corporation solicited the business of the consumers.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered May 17, 1921, reversing on certiorari an order of the public service commission relating to power rates. Affirmed.

*The Attorney General* and *Raymond W. Clifford, Assistant (Nat U. Brown* and *McKenney & Fisk,* of counsel), for appellants.

*Hayden, Langhorne & Metzger,* for respondent.

[1] Reported in 201 Pac. 780.

Mackintosh, J.—In 1915, 1917, 1918 and 1919, the respondent, North Coast Power Company, entered into contracts with certain diking districts and diking improvement districts in Cowlitz county, Washington, to furnish electric current to the districts at rates fixed in the contracts. The respondent is a public service corporation engaged in furnishing communities along the line of the Northern Pacific Railway between Tenino and Kalama, in this state, with electric power. The diking districts are municipal corporations whose purposes are to render fit for cultivation certain lands which are subject to overflow by the Columbia river. The operation of these districts has been largely successful, and as a result there has been a great increase in the value of the lands affected by such operations. The rates fixed in the contracts were to prevail for a period of ten years.

On November 19, 1919, the respondent filed a tariff with the public service commission (now the department of public works) which tariff provided for rates largely in excess of those then in effect and provided in the contracts. This new tariff became effective on December 20, 1919. On February 14, 1920, the districts complained to the public service commission of the new rates, and upon a hearing on the complaint, it was determined by the commission that the new rates were unreasonable, and the respondent was ordered to furnish power to the districts at rates identical with those provided for in the contracts. A writ of review was taken by the respondent to the superior court, which reversed the order of the commission ·and held that the new tariff was effective; that the contract rates had been extinguished by the publication of the new tariff, and further held that the new tariff rates were just, fair, reasonable and sufficient, and that the rates ordered by the commission were not just, fair,

reasonable or sufficient. From that judgment, the commission (hereafter referred to as the department of public works) has taken this appeal.

This court, in the case of the *North Coast Power Co. v. Public Service Comm.*, 114 Wash. 102, 194 Pac. 587, had before it the same tariff which is the basis of this present action, and there held that the rates fixed in the tariff became effective thirty days after the filing of the tariff, and that the contracts were thus terminated, the rates provided therein becoming inapplicable. The question, therefore, here is the narrow one as to whether the rates established by the tariff filed November 19, 1919, are just, fair, reasonable and sufficient.

In the case of *State ex rel. Seattle v. Public Service Comm.*, 76 Wash. 492, 136 Pac. 850, it was determined that where a tariff had been filed by a public service corporation, and where, under § 8626-82, Rem. Code (P. C. § 5609), complaint is made before the effective date of the tariff, the burden of proof is upon the public service corporation to show that the proposed rates are just, fair, reasonable and sufficient, but that, where complaint is not made until after the new tariff had become effective, the burden of proof was shifted and the complainant is compelled to show that the tariff rates are unreasonable.

So we may start the consideration of the testimony in this case with the burden upon the districts to make showing of the unreasonableness of the tariff of November 19, 1919. The testimony establishes this situation: That the respondent is devoting to the business of these districts property which is of the value of $67,580, and this, therefore, is the amount upon which the respondent's return must be computed. It is further shown that, under the tariff filed November 19,

1919, the gross revenues of the respondent from its business with the districts for 1919 would have been $7,847.74, and that the cost of doing this business amounted to $5,063.63, making a net profit of $2,784.11, or an earning of 4.12% upon the capital in use. The testimony further shows that, under the rates provided for in the contracts (which rates were reestablished by the department's order), the gross earnings from the business done by the respondent with the districts in 1919 was $3,241.46. This, compared with the cost to the respondent of doing the business, of $5,063.63, made a loss to the company thereon of $1,822.07, or 3.70% of the capital in use.

These figures on their face must be convincing that the new rates were not exorbitant, and the profits shown thereby would not constitute an unreasonable earning, and also that the contract rates reestablished by the department were unjust, unfair and unreasonable and insufficient, and that the department was in error in setting aside the tariff of November 19, 1919, unless there are other facts which justify the establishment of unremunerative rates in this particular case. In certain cases, public service corporations may be compelled to render service at a loss. Rates should not be higher than the value of the service rendered, nor exceeding the ability of the consumer to pay. *Puget Sound Elec. R. v. Railroad Comm.*, 65 Wash. 75, 117 Pac. 739, Ann. Cas. 1913B 763. In this case the proof is convincing that the service is worth its cost. The testimony shows that the value of the property of the districts served has increased many fold by reason of the use of respondent's power, and that principally on account of this increase in the value of the property the districts are amply able to bear the tariff rates. The argument that the districts, being

municipal corporations and having provided for their expenses in September, 1919, without anticipating a raise in rates, no funds would be available to meet the increase is fallacious, for the reason that the measure of the districts' ability to pay is not the estimate of their managing officers, but their actual financial resources.

Another exception that in some cases compels the furnishing of service at a loss, is where the general business is making a fair return upon the total capital invested; the company may be obliged to furnish a given class with service at less than cost, but this exception does not apply here. *State ex rel. Seattle v. Public Service Comm.*, 107 Wash. 17, 180 Pac. 913; *Willcox v. Consolidated Gas Co.*, 212 U. S. 19.

The case of *Puget Sound Elec. R. v. Railroad Comm.*, *supra*, recognizes this right of certain users of public service to that service at the corporation's loss, where the total business of the corporation produces a sufficient return on the investment. In this case there is no evidence that the respondent makes any adequate net earning on its entire business.

We will now notice a few minor questions presented in this case. One of these is that the districts have made a contribution towards the construction of the respondent's plant, and that the respondent voluntarily solicited the business of the districts. The testimony shows that the figures we have hereinabove set out do not take into consideration these contributions, and the figures showing the capital investment exclude the amount donated by the districts. The question whether the rates are just, fair, reasonable and sufficient cannot be affected by the consideration of the question whether the respondent solicited the business, or whether it received it by the spontaneous offer of the districts.

It is next claimed that the power which was being furnished was surplus power. The evidence does not support this claim.

From the whole record, we are satisfied that the lower court was correct in setting aside the order of the department, which, in the circumstances, was arbitrary and capricious, and the judgment of the lower court reestablishing the rates fixed by the tariff of November 19, 1919, is hereby affirmed.

PARKER, C. J., MAIN, and HOVEY, JJ., concur.