[No. 18125.   Department One.   November 6, 1923.]

NORTH PACIFIC PUBLIC SERVICE COMPANY, *Appellant*, v.
E. V. KUYKENDALL, *Director of Public Works,
Respondent.*[1]

WATERS AND WATER COURSES (82)—PUBLIC SUPPLY—REGULATION—
POWERS OF DEPARTMENT OF PUBLIC WORKS—ISSUES AND PLEADINGS.
Under the statute governing a hearing before the department of
public works requiring that "all grievances to be inquired into shall
be plainly set forth in the complaint," the department has no juris-
diction to order a public service company to install water meters,
where the complaint merely alleged that defective distribution pre-
vented customers from receiving their needed amount of water, and
no evidence as to the necessity of meters was offered by either
party.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered May 8, 1923,
affirming on appeal an order of the department of
public works ordering betterments by a public water
service company, after a hearing before the depart-
ment.   Reversed.

*Stiles & Latcham,* for appellant.

*The Attorney General* and *Raymond W. Clifford,
Assistant,* for respondent.

MACKINTOSH, J.—The appellant owns the water sup-
ply of the city of Port Angeles, a city of some 6,000
population, and distributes water to about 1,400 users.
In September, 1922, a petition was filed with the re-
spondent alleging that, during the summer months,
some twelve or thirteen users residing on the highest
point of the city were "unable to get water at all from
their service of said company's pipes during a period
of several days."   In response to the petition, the ap-
pellant appeared and in its answer admitted that, on

[1]Reported in 219 Pac. 834.

account of defective distributing facilities, the complaint contained in the petition was justified, but that the situation did not arise from the lack of water, and asserted its intention of proceeding with betterments in the year 1923 which would alleviate the situation.

The evidence introduced upon the hearing before the public works department showed that the appellant was voluntarily proceeding to make betterments. The answer concluded (in the nature of a summary of the entire situation) with the following:

"Ultimately the only way to get water distributed over such a large area as we have in this city is to place meters on individual consumers, at least this should apply to those disregarding sprinkling rules and those who waste water."

After a hearing, an order was made by the department, containing several paragraphs, the majority of which provide for the installation of the betterments which the appellant had stated it was undertaking to make, and to this part of the order no exception was taken by the appellant. The appellant, however, does except to two paragraphs of the order, one of which requires that appellant should "install suitable water meters on all services not now metered," and "construct a settling basin." The record shows that the cost of installing the metering system and the settling basin would be from $45,000 to $80,000; and, in this appeal from these two portions of the order, it is alleged that they are invalid for the reason that they were not within the scope of the hearing upon the complaint filed and were in excess of the jurisdiction of the department under the evidence.

Under the statute "all grievances to be inquired into shall be plainly set forth in the complaint," and the department is without jurisdiction to hear and determine matters which are not so set out. In *State ex*

*rel. Seattle v. Public Service Commission,* 76 Wash.
492, 136 Pac. 850, which seems to have been relied upon
in the lower court, no authority can be found for an
order contrary to the rule we have stated; that case
merely providing that, in hearings before the depart-
ment on matters of rates, the department is not con-
fined to the evidence presented by the complainant and
the utility, but that in its discretion it could procure
evidence on its own behalf relating to the matter be-
fore it.   Unless, therefore, the pleadings in this case
raise an issue under which the department could de-
termine the necessity of meters and settling basin be-
ing installed for all the users of water in Port Angeles
—a matter which it is very apparent would be of large
financial interest to the appellant and in which all the
consumers would also have an interest—there would
be no justification for the department's making the
order.   The complaint did not raise a question of the
purity or quality of the supply, nor of the adequacy of
it, but merely that defective distribution prevented the
petitioners from receiving their needed amount of
water.

That the complaint goes no further than this is vir-
tually conceded by the respondent's attorneys, for they
seek to justify the order by the argument that the
appellant's answer presented the issue of metering by
the paragraph quoted in the opening of this opinion.
The pleading is not legitimately subject to such inter-
pretation.   The appellant's answer met the issue pre-
sented by the complaint and admitted the fault, stated
the appellant's intention to remedy it, and the order
recognized that these remedies were being undertaken
and ordered their completion; but it goes beyond that
and, as the findings and order show, the department
provided for things which would be "ample to care for
all reasonable requirements for several years to come."

That was not the issue before the department. The statement in regard to meters contained in the appellant's answer was not by way of presenting an issue, but was a mere gratuitous statement made in good faith in general explanation of the situation, and anticipatory of what might ultimately prove to be the ideal method of conducting the appellant's business. Even though the pleadings might be construed so as to present the question of the necessity for meters and settling basin, yet an examination of the testimony clearly shows that no such issue was in effect tried. Neither of the parties to the hearing introduced any evidence upon the questions, and the record only discloses the most meagre reference to the question of meters, and this was elicited by two questions from the member of the department conducting the inquiry directed to the appellant's local manager and the two answers thereto, as follows,

"Q. Did it ever occur to you that about sixty per cent of all the water that goes into your system is wasted? A. Yes. Q. Do you know how to remedy that? A. Yes sir, by putting in a settling basin and metering the services."

Under this record, it cannot be said that the department had before it, or tried, the issues of the necessity for meters and settling basin. It was clearly improper for the department to issue an order of so sweeping and serious a nature when it had no more before it than appears here.

The judgment, therefore, of the superior court affirming the third and fifth orders of the department is vacated, and those orders are declared void and their enforcement is restrained.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.